Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GENEE C. RUÍZ DE JESÚS<br><br>RECURRIDA<br><br>V.<br><br>MUNICIPIO DE RINCÓN<br>NELSON NORIEGA SÁNCHEZ<br>MULTINATIONAL INSURANCE COMPANY<br><br>PETICIONARIOS | KLCE202301146 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.:<br>AG2023CV00588<br><br>Sobre:<br><br>DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de octubre de 2023.

El Municipio de Rincón (en adelante el Municipio) y Mutinational Insurance Company (en adelante Mutinational) comparecen ante nos mediante una petición de *Certiorari.* En su recurso nos solicitan la revocación de una *Resolución* emitida el 28 de agosto de 2023 por el Tribunal de Primera Instancia, Sala de Aguadilla (TPI). Por medio de dicha determinación, el TPI denegó una *Moción de desestimación* presentada por los peticionarios.

Examinado el recurso ante nuestra consideración, *denegamos* su expedición.

## I.

El 11 de septiembre de 2019, la señora Genee C. Ruiz De Jesús (en adelante la señora Ruiz De Jesús o la demandante-recurrida) presentó una *Demanda* de daños y perjuicios (AU2019CV00531) contra el Municipio de Rincón, su aseguradora y el conductor de la guagua escolar municipal.[1] El 30 de abril de 2021, el TPI dictó *Sentencia* desestimando *sin perjuicio* la

---

[1] Apéndice de peticionarios, pág. 1.

reclamación por inactividad de más de seis (6) meses de conformidad a la Regla 39.2 (b) de Procedimiento Civil.[2]

Así las cosas, el 10 de agosto de 2021, la demandante-recurrida radicó por segunda ocasión la demanda de daños y perjuicios (AU2021CV00420) contra el Municipio de Rincón, su aseguradora y el conductor de la guagua escolar municipal.[3] El 15 de julio de 2021, el TPI emitió y notificó una *Sentencia* desestimando la demanda *sin perjuicio* al amparo de la Regla 39.2 (a) de Procedimiento Civil por incumplimiento de la *Orden* emitida el 28 de marzo de 2022.[4]

Por los mismos hechos, el 20 de abril de 2023, la señora Ruiz De Jesús presentó por tercera ocasión demanda de daños y perjuicios (AG2023CV00588).[5] El 7 de agosto de 2023, el Municipio y la aseguradora presentaron *Moción Solicitando Desestimación* fundamentada en la doctrina de abuso de derecho y actos propios.[6] Por su parte, la demandante-recurrida presentó su *Contestación a Moción de Desestimación*.[7] Adujo que las sentencias desestimando *sin perjuicio* los casos anteriores constituían determinaciones finales y firmes.

En vista de lo anterior, el 28 de agosto de 2023, el TPI emitió y notificó una *Resolución* declarando *no ha lugar* a la *Moción de Desestimación*.[8] Resolvió que las sentencias anteriores desestimando sin perjuicio el caso constituían determinaciones finales y firmes donde la parte demandada tuvo la oportunidad de hacer alegaciones pertinentes y no lo hizo.[9]

---

[2] Apéndice de peticionarios, pág. 89.
[3] Apéndice de peticionarios, pág. 100.
[4] Apéndice de peticionarios, pág. 142. Cabe destacar que, el 13 de septiembre de 2023, los peticionarios-demandados presentaron una *Moción Solicitando Sentencia Enmendada* al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA, Ap. V. R. 49.2. En esta solicitaron que el tribunal dictara *con perjuicio* la referida *Sentencia*. No obstante, el TPI declaró *no ha lugar* a la petición el 21 de septiembre de 2023. Véase *Apéndice de peticionarios*, págs. 145-156.
[5] Apéndice de peticionarios, págs. 1-3.
[6] Apéndice de peticionarios, págs. 4-14.
[7] Apéndice de peticionarios, pág. 15.
[8] Apéndice de peticionarios, págs. 17-20.
[9] Apéndice de peticionarios, págs. 18.

Oportunamente, los peticionarios presentaron *Moción Solicitando Reconsideración*.[10] En su escrito solicitaron que el tribunal desestimara *con perjuicio* la tercera demanda por abuso de derecho y falta de causa.[11] Tras evaluar la solicitud, el foro primario dictaminó *no ha lugar*.[12]

Inconforme con la aludida determinación, los peticionarios acudieron ante este Tribunal mediante una petición de *Certiorari*. En el referido recurso plantearon que el Tribunal de Primera Instancia incurrió en los siguientes errores:

> Erró el Tribunal de Primera Instancia al no desestimar la causa de acción en contra de M.I.C. y el Municipio de Rincón basado en los actos propios de la Parte Demandante-Recurrida los cuales resultaron en la desestimación de dos pleitos anteriores por los mismos hechos del presente caso debido a su dejadez e incumplimiento reiterado con las órdenes del Tribunal; equivalentes a un desistimiento voluntario de cada una de sus causas de acción y por lo cual procede se desestime esta tercera reclamación.

> Abusó su discreción el Tribunal de Primera Instancia al no desestimar la causa de acción por falta de jurisdicción y al no imponer el pago de costas, gastos, y honorarios de abogados incurridos en los dos pleitos anteriores además de las costas, gastos y honorarios por temeridad en el presente caso.

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, prescindimos de requerir a la recurrida su comparecencia, en aras de ofrecer un despacho justo y eficiente de la controversia ante nuestra consideración. En lo que respecta el recurso de certiorari, hemos decidido denegar su expedición. Veamos.

**II.**

**A. Certiorari**

Las resoluciones u órdenes dictadas por los tribunales de instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, 4 LPRA sec. 24y(b). El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior

---

[10] Apéndice de peticionarios, pág. 21.
[11] Apéndice de peticionarios, pág. 26.
[12] Apéndice de peticionarios, pág. 27.

puede revisar a su discreción una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados Puerto Rico,* 2023 TSPR 65, 212 DPR \_\_\_\_; *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA V, R. 52.1, delimita las instancias en las cuales el foro apelativo puede ejercer sus facultades revisoras mediante el recurso de certiorari. La regla aludida dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. (Énfasis nuestro)

De acuerdo con la Regla 52.1 de Procedimiento Civil, *supra*, al denegar la expedición de un recurso de certiorari el Tribunal de Apelaciones no tiene que fundamentar su decisión. Ahora bien, si el foro intermedio determina que el recurso ante su consideración exhibe alguna de las circunstancias precitadas, entonces debe evaluar la petición de certiorari a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

A tales efectos, el referido cuerpo reglamentario establece que el Tribunal de Apelaciones considerará los siguientes criterios para expedir un *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R.40.

En este ejercicio, el Tribunal de Apelaciones solo intervendrá con las determinaciones discrecionales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad, en un craso abuso de discreción, o aplicación errónea de la ley. *Citibank v. ACBI*, 200 DPR 724, 736 (2018); *García v. Asociación*, 165 DPR 311, 322 (2005).

**III.**

En el presente caso el Municipio y Mutinational solicitan la revocación de la *Resolución* recurrida que denegó una moción de desestimación presentada al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2. Sostienen que la demandante-recurrida incurrió en un patrón de incumplimiento de órdenes en sus demandas anteriores equivalente a un desistimiento voluntario.[13]

Según los peticionarios, dicha actuación demuestra un claro abuso de derecho.[14] Asimismo, plantean que su conducta es contraria a los actos propios, y a su vez, constituye una renuncia a su derecho y a la posible compensación.[15] Por lo anterior, aducen que el foro primario carece de jurisdicción para atender la reclamación.[16] Por último, argumentan que no

---

[13] Petición de *Certiorari*, pág. 3.
[14] Petición de *Certiorari*, pág. 17.
[15] Petición de *Certiorari*, págs. 17-18.
[16] Petición de *Certiorari*, pág. 18.

expedir el auto de certiorari implicaría un fracaso irremediable de la justicia.[17]

Aunque la Regla 52.1 de Procedimiento Civil, 32 LPRA V, R. 52.1, nos concede la facultad para revisar interlocutoriamente la resolución recurrida por ser una denegatoria de una moción dispositiva, no encontramos fundamentos jurídicos que nos motiven a expedir el auto de certiorari de conformidad a la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. De igual modo, no identificamos los elementos requeridos para determinar que el TPI actuó de forma arbitraria, caprichosa, o incurrió en craso abuso de discreción, o aplicación errónea de la ley.

Por último, adviértase que el foro primario desestimó *sin perjuicio* las demandas anteriores. Tales sentencias constituyen determinaciones finales y firmes. La segunda demanda presentada por la parte demandante por los mismos hechos fue emitida el 15 de julio de 2022. No fue hasta el 13 de septiembre de 2023 que la parte demandada de manera tardía solicitó que se enmendara la sentencia para que la desestimación fuese *con perjuicio*.

En vista de ello, *denegamos* la expedición del auto de *certiorari* solicitado y devolvemos el asunto al Tribunal de Primera Instancia para la continuidad de los procedimientos.

**IV.**

Por los fundamentos antes expresados, *denegamos* la expedición del auto de certiorari y devolvemos el asunto al Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] Petición de *Certiorari*, pág. 3.